STATE of Wisconsin, Plaintiff-Respondent,†

v.

Kenneth NIXA, Defendant-Appellant.

Court of Appeals

No. 83–1939–CR. Submitted on briefs September 4, 1984.—
Decided October 3, 1984.
(Also reported in 360 N.W.2d 52.)

† Petition to review denied.

For the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin,* assistant state public defender.

For the plaintiff-respondent, the cause was submitted on the brief of *Gerald Ptacek,* district attorney, and *William Honrath,* assistant district attorney, of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Kenneth Nixa appeals from a judgment of conviction finding him guilty of illegally making a bet pursuant to sec. 945.02(1), Stats., and of illegally remaining in a gambling place pursuant to sec. 945.02(2). Nixa also appeals the trial court order denying post-conviction relief. The principal issue on appeal is the interpretation of the phrase "gambling place" as used in sec. 945.01(4), Stats. Based upon our construction of the gambling place statute, we conclude that the evidence was insufficient to establish the premises in question as a gambling place. We therefore reverse

Nixa's conviction on the charge of remaining in a gambling place. However, we affirm Nixa's conviction of illegally making a bet.

Nixa was arrested about three months after allegedly participating in a gambling party in the recreational building of the Concord Apartments in Caledonia. He was charged with one count of making a bet, contrary to sec. 945.02(1), Stats., and one count of entering and remaining in a gambling place, contrary to sec. 945.02(2). Nixa's arrest followed an investigation of the gambling party by the Racine county sheriff's department and the city of Racine police. The sheriff's department had learned of the gambling party by an anonymous telephone call. Upon arriving at the Concord Apartments, the police discovered a room fully equipped with gambling tables and related paraphernalia and crowded with people eating, drinking and gambling.

After securing the facility and obtaining a search warrant, the police questioned some of those persons present at the party. Also questioned were certain individuals named on confiscated raffle ticket stubs. Nixa was identified by several people as an organizer of the party. Eventually, an undercover detective met Nixa when the agent attempted to cash in poker chips from the party. During their encounter, Nixa allegedly claimed to be a professional gambler.

Nixa was subsequently arrested, charged and convicted by a jury on both counts. Several times during the proceedings, Nixa moved to dismiss the charge of remaining in a gambling place on the grounds that a one-time use of the apartment recreational building for gambling did not constitute a gambling place under sec. 945.01(4), Stats.

Nixa's pretrial motion to dismiss the complaint contended that insufficient facts were alleged to qualify the apartment recreational facility as a gambling place. The court denied this motion stating the complaint set forth

sufficient facts to draw an inference that there was a violation of the statute. The court further ruled that whether the recreational building was a gambling place was a question of fact to be determined by the jury. The court similarly denied Nixa's motion to dismiss at the close of the state's case declaring that the state had established a prima facie case and that the jury could draw the inference that this was not the first time the recreational building had been used for this purpose. At the post-conviction motions, the trial court concluded that it was not unreasonable for the jury to have found the recreational building to be a gambling place. Nixa also requested a new trial on the making a bet charge on the grounds that such conviction was tainted by evidence on the gambling place charge.

As to the charge of illegally remaining in a gambling place, we must first interpret the statute and then determine whether the evidence sustains the conviction.

Statutory construction involves a question of law, and a reviewing court is not required to give any special deference to the trial court's determination. *State v. Folk*, 117 Wis. 2d 42, 45, 342 N.W.2d 761, 763 (Ct. App. 1983). Section 945.01(4), Stats., provides as follows:

(a) A gambling place is any building or tent, any vehicle (whether self-propelled or not) or any room within any of them, one of whose principal uses is any of the following: making and settling bets; receiving, holding, recording or forwarding bets or offers to bet; conducting lotteries; or playing gambling machines.

(am) "Gambling place" does not include a place where bingo or raffle is conducted under ch. 163.

(b) Evidence that the place has a general reputation as a gambling place or that, at or about the time in question, it was frequently visited by persons known to be professional gamblers or known as frequenters of gambling places is admissible on the issue of whether it is a gambling place.

(c) Any gambling place is a public nuisance and may be proceeded against under ch. 823.

We conclude that the phrase "one of whose principal uses," which is the criterion in determining whether a location constitutes a gambling place, is ambiguous. "Ambiguity arises when more than one reasonable, although not necessarily correct, meaning can be attributed to a word, phrase, or statute." *West Allis School District v. DILHR*, 116 Wis. 2d 410, 418–19, 342 N.W.2d 415, 420 (1984). The phrase itself admits of degrees of use which necessarily allow for more than one reasonable conclusion which could flow therefrom. When construing an ambiguous phrase of a statute, the intent of the legislature in the use of the phrase should be determined. *Id.* at 419, 342 N.W.2d at 420. This analysis is conducted in relation to the statute's scope, history, context, subject matter, and object to be accomplished. *Id.* at 419, 342 N.W.2d at 421.

Various terms in the statute suggest that prior gambling activity is essential for a location to be considered a gambling place. The definition in subsection (a) provides that a location may be considered a gambling place if one of its principal uses is gambling. Subsection (b) provides that evidence showing a place has a reputation for gambling or is frequently visited by gamblers or people known as frequenters of gambling places is admissible on this question. The term "one of whose principal uses" implies a pattern of similar use on a prior occasion or occasions.

The legislative history of sec. 945.01(4), Stats., supports this interpretation. The Judiciary Committee Report on the 1953 Criminal Code revision states that a "tavern where customers occasionally play cards for money is not a gambling place because that is not one of its principal uses." Assembly Bill No. 100, A. (1953) (comment attached to proposed sec. 345.01, Stats.), which

can be found in 5 Wisconsin Legislative Council 153 (1953). This language indicates that, even with multiple event gambling evidence, the statute is not violated if a principal use for gambling purposes is not demonstrated.

The predecessor statute to the present sec. 945.02(2), Stats., was sec. 348.174, Stats. (1953), which made it "unlawful for any person to . . . become an inmate of any . . . place . . . within which is carried on any of the acts or things mentioned in section 348.172, . . . ." Nothing in the language of this statute nor any of the other statutes then applicable measured whether a location was a gambling place in terms of its principal use. Under this former statute, a single gambling event would suffice. By enacting sec. 945.02(2), we conclude the legislature intended to narrow the concept of a "gambling place" from that contemplated in former sec. 348.174.

The case law interpreting the statutory language of a gambling place has focused on the phrase "one of [the] principal uses." *State v. Morrissy*, 25 Wis. 2d 638, 131 N.W.2d 366 (1964), considered whether poker games played in a neighborhood tavern reached such proportions that it amounted to a principal use of the tavern. The court upheld Morrissy's conviction for operating a gambling place, observing that the phrase "one of the principal uses" contemplates a comparison of the degree of use between a class of principal uses and incidental uses. *Id.* at 642, 131 N.W.2d at 369. The court further explained the meaning of the statute as follows:

> The use of a place or room at any given time may determine its principal use at that time but for the purpose of sec. 945.01(4), Stats., such use must be considered in light of the overall or other uses of the place or room. *A sufficient period of time* must be considered to fairly ascertain the character of the alleged gambling place in terms of principal uses. [Emphasis added.]

*Id.* at 642–43, 131 N.W.2d at 369.

The state maintains that it is the nature and quality of the gambling use as well as the frequency of its occurrence which can make gambling "one of the principal uses." We disagree. The court in *Morrissy* stated that a *sufficient* period of time must be considered in order to determine whether the character of an alleged gambling place embraced gambling as one of its principal uses. The rationale of *Morrissy* was reiterated in *State v. Dahlk,* 111 Wis. 2d 287, 301, 330 N.W.2d 611, 618–19 (Ct. App. 1983), where we affirmed the trial court's ruling that three lottery-like pyramid club meetings were sufficient to make a warehouse a "gambling place" for purposes of the statute.

This case law, combined with the statute and its legislative history, convinces us that evidence of prior gambling activity is necessary to prove the existence of a gambling place. [1]

The evidence permits no fair or reasonable inference of prior gambling activity at the Concord Apartments on any prior occasion. No evidence of such activity was presented. Nothing in the facts of the charged event even remotely suggests prior gambling activity on the premises. A permissive inference is valid only where there is a rational connection between the proven facts and the inferred facts. *Adams v. State,* 92 Wis. 2d 875, 882, 289 N.W.2d 318, 322 (Ct. App. 1979), *rev'd on other grounds,* 95 Wis. 2d 529, 290 N.W.2d 872 (1980). Based upon our interpretation of the statute, the evidence adduced was insufficient, as a matter of law, to satisfy the element of the offense requiring proof of a "gambling

---

[1] We acknowledge that this interpretation allows for the legal *presence* upon gambling premises at a full-fledged "Las Vegas style" gambling event staged as a one-time affair. This, however, is a matter for the legislature to address if it should so choose. In such a setting, of course, gambling remains illegal.

place." Because the evidence does not prove the offense, Nixa's conviction for a violation of sec. 945.02(2), Stats., is reversed.[2]

Nixa also challenges his conviction on the making a bet charge. He contends that the evidence admitted on the gambling place charge was inadmissible on the making a bet charge. Specifically, Nixa points to the admission of his own claim that he was a professional gambler and the use of photographs of the scene of the gambling event as the inadmissible evidence. We disagree. Nixa's self-professed occupation as a professional gambler was relevant evidence on the making a bet charge as well as on the charge of remaining in a gambling place. Such a statement is an admission by a party opponent and not hearsay. *See* sec. 908.01(4)(b), Stats. The photographs depicted the very scene where Nixa allegedly made the bet of which he was convicted. Since this evidence was relevant and admissible as to the count of which Nixa was properly convicted, we conclude that there was no error resulting from its admission. Therefore, we affirm the trial court's denial of Nixa's request for a new trial on the making a bet charge.

*By the Court.*—Judgment and order affirmed in part and reversed in part.

---

[2] We recognize that on appeal the test for sufficiency of the evidence is whether the trier of fact acting reasonably could have been convinced beyond a reasonable doubt by the evidence which it accepted as true. *State v. Beaty,* 57 Wis. 2d 531, 541, 205 N.W.2d 11, 17 (1973). The question before us, however, is not one of whether the facts alleged are supported by the evidence, but rather whether the facts found in a light most favorable to the verdict state an offense known to the law. The quesion of the application of a statute to a given set of facts is a question of law. *Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979).