STATE of Wisconsin, Plaintiff-Respondent,

v.

Keith A. GRAYSON, Defendant-Appellant.†

Court of Appeals

*No. 91–0756–CR. Submitted on briefs August 27, 1991.—Decided November 12, 1991.*

(Also reported in 478 N.W.2d 390.)

† Petition to review granted.

On behalf of defendant-appellant, the cause was submitted on the briefs of *John Pray* and *Kate Kruse Livermore, Legal Assistance to Institutionalized Persons Program* of Madison.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David J. Becker,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

LAROCQUE, J. Keith Grayson appeals a judgment of conviction for four felony counts of failing to pay child support for the calendar years 1986 through 1989 pursuant to sec. 940.27(2), Stats. (1987),[1] and a

---

[1] The nonsupport statute has since been renumbered as sec. 948.22, Stats.

postconviction order upholding his conviction. Grayson argues that the statute contemplates only a single non-support charge for a violation of its terms. Grayson also accuses his trial counsel of being ineffective because he plea bargained without first seeking dismissal as a matter of law the three charges relating to 1983, 1984 and 1985, periods of time prior to the existence of the statute under which he was charged. We affirm the convictions.

Section 940.27(2), Stats. (1987), provides that it is a class E felony for "any person who intentionally fails for 120 or more consecutive days to provide . . . child support which the person knows or reasonably should know the person is legally obligated to provide . . .."

The relevant facts are undisputed. Grayson was divorced in 1977 and ordered to pay child support in the amount of $100 per week. Thereafter, he continually failed to make the child support payments. He made only one $10 payment in 1982, and by April 1990 he was delinquent $67,790 in child support. The state charged Grayson with seven felony counts of failing to pay child support, one count per year for the years 1983 through 1989. Grayson and the prosecutor plea bargained and agreed to a plea of no contest to the 1986, 1987, 1988 and 1989 counts in exchange for the dismissal and read-in of the earlier counts. The state also agreed to recommend probation. The court accepted Grayson's pleas of no contest, found him guilty and sentenced him to four consecutive two-year terms of imprisonment and ordered restitution. Grayson's postconviction motion challenged the conviction and restitution order on numerous grounds. The court agreed that the restitution was improperly computed but rejected the other claims and upheld the convictions, holding that multiple felony counts are permissible and that trial counsel was effective.

## MULTIPLICITY

■■■

We first consider whether Grayson's no contest plea waived his right to appeal his conviction on the grounds of multiplicity. As a general rule, a guilty plea constitutes a waiver of nonjurisdictional defects and defenses including constitutional violations prior to the plea. *Mack v. State,* 93 Wis. 2d 287, 293, 286 N.W.2d 563, 566 (1980). Waiver also applies to no contest pleas. *State v. Princess Cinema,* 96 Wis. 2d 646, 651, 292 N.W.2d 807, 810 (1980). However, the guilty plea waiver rule does not deprive an appellate court of its subject matter jurisdiction. Rather, it is a rule of administration and not of power. *State v. Riekkoff,* 112 Wis. 2d 119, 123–24, 332 N.W.2d 744, 747 (1983). Therefore, we can in our discretion review claimed error, particularly if the issues are of state-wide importance or resolution will serve the interests of justice and there are no factual issues that need to be resolved. *Mack,* 93 Wis. 2d at 296–97, 286 N.W.2d at 567; *Flores v. State,* 69 Wis. 2d 509, 510, 230 N.W.2d 637, 638 (1975). Whether the state can prosecute multiple counts under Wisconsin's nonsupport statute is obviously an issue of statewide importance. Further, the issue is fully briefed and there are no disputed facts. We therefore address the matter on its merits.

■■

Multiplicity is the charging of a single offense in separate counts. *State v. Tappa,* 127 Wis. 2d 155, 161, 378 N.W.2d 883, 885 (1985). Multiplicitous charges are impermissible because they violate the double jeopardy provisions of Article I, sec. 8, of the Wisconsin Constitution and the Fifth Amendment to the United States Constitution. *Tappa,* 127 Wis. 2d at 161, 378 N.W.2d at 885.

Our supreme court has employed a two-part test in determining whether a charge is multiplicitous. *State v. Rabe,* 96 Wis. 2d 48, 63, 291 N.W.2d 809, 816 (1980). The first part of the test is referred to as the "additional fact" test, which examines "whether each count requires proof of an additional fact which the other count or counts do not." *Tappa,* 127 Wis. 2d at 163, 378 N.W.2d at 886 (quoting *Rabe,* 96 Wis. 2d at 63, 291 N.W.2d at 816). This part concerns the issue of double jeopardy. *Id.* at 162, 378 N.W.2d at 886.

█

Multiple charging under the felony nonsupport statute meets the requirement of the "additional fact" test. Under sec. 940.27(2), Stats. (1987), it is a class E felony for any person to intentionally fail to pay child support. Therefore, the state is required to prove that the defendant formed a separate intent to violate the order that forms the basis for each individual charge.[2] The state is thereby required to prove additional facts because for each count charged, new intent is required as well as a different 120-day time frame.

However, even though the charging of multiple counts may not constitute double jeopardy, it may still be multiplicitous if the legislature intended only one unit of prosecution. *Tappa,* 127 Wis. 2d at 164, 378 N.W.2d at 887.[3] Thus, the second part of the test examines the

---

[2]We need not decide the claim raised in the trial court but abandoned on appeal that the information was defective for failing to specify the particular 120-day segment encompassed within each of the four counts charged.

[3]Wisconsin case law is unclear how the double jeopardy issue is to be resolved. Some case law states that the legislative intent is the only relevant concern in double jeopardy issues following the United States Supreme Court in *Missouri v. Hunter,* 459 U.S.

legislative intent as to the allowable unit of prosecution.

Statutory construction involves a question of law, and a reviewing court is not required to give special deference to the trial court's determination. *State v. Nixa,* 121 Wis. 2d 160, 163, 360 N.W.2d 52, 54 (Ct. App. 1984). Where the statute is ambiguous, in determining legislative intent, the relevant factors include the language of the statute, its legislative history and context, the nature of the proscribed conduct and the appropriateness of multiple punishment. *Manson v. State,* 101 Wis. 2d 413, 422, 304 N.W.2d 729, 734 (1981). While we strictly construe criminal statutes to protect a defendant's rights in cases of ambiguity, we do not do so if it contravenes legislative purpose. *Rabe,* 96 Wis. 2d at 70, 292 N.W.2d at 819. We conclude that the legislature intended to allow for multiple prosecutions under the nonsupport statute.

A construction that permits separate offenses for each 120-day period is consistent with the language of the statute. By using the language "120 days or more," the legislature demarcated a time period by which separate offenses could be brought.

The legislative history, however, offers us no guidance as to whether multiple counts are permissible. Grayson argues that in examining legislative history, it

---

359, 368 (1983). *See, e.g., State v. Gordon,* 111 Wis. 2d 133, 137–38, 330 N.W.2d 564, 565 (1983); *Tappa,* 127 Wis. 2d. at 173 n.3, 378 N.W.2d at 891 n.3 (Abrahamson, J., dissenting). However, in *Tappa,* 127 Wis. 2d at 162, 378 N.W.2d at 886, the majority of the court stated that the "additional fact" test concerns the issue of double jeopardy. Because we conclude that multiple counts are permissible under both the "additional fact" test and the "legislative intent" test, we need not address this apparent inconsistency in the case law.

is appropriate to consider whether previous codifications of the criminal conduct in question have allowed multiple counts. *See Tappa,* 127 Wis. 2d at 165-68, 378 N.W.2d at 887-89. However, it is unclear whether the former statutory sections, 52.05 and 52.055, Stats., permitted multiple counts or only one count, because that issue was never addressed in prior cases. Further, the analysis prepared by the Legislative Reference Bureau states only that the purpose of the bill was to revise and reorganize laws relating to support dependents and to increase penalties. Thus, no reference was made to whether multiple counts were permissible.

The third fact to consider is the nature of the proscribed conduct. The issue here is that a "defendant ought not to be charged, tried, or convicted for offenses that are substantially alike when they are a part of the same general transaction or episode." *Tappa,* 127 Wis. 2d at 169, 378 N.W.2d at 889 (quoting *State v. Eisch,* 96 Wis. 2d 25, 34, 291 N.W.2d 800, 805 (1980)). The offenses are separated in time, and the state must show separate intent for each count charged. It therefore cannot be said that the offenses arose from the same episode.

Finally, multiple punishment for nonsupport is certainly appropriate. Failure to pay child support is a major problem in our society today. See *Dennis v. State,* 117 Wis. 2d 249, 268, 344 N.W.2d 128, 137 (1984) (Abrahamson, J., concurring). Census data from 1986 indicates that of those custodial parents who even had a child support award, slightly more than half actually received the amount ordered. *Parker v. Parker,* 152 Wis. 2d 1, 4, 447 N.W.2d 64, 65 (Ct. App. 1989). The prospect of punishment for offenders like Grayson whose failure spans almost a decade is properly treated differently from the single failure to comply with an order for four

months. Because of the language of the statute, the nature of the proscribed conduct and the appropriateness of multiple punishment, we conclude that the legislature intended to permit multiple prosecution for these crimes against children.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The trial court ruled that counsel's performance was deficient but not prejudicial. Our federal and state constitutions each guarantee a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984); *State v. Moffett,* 147 Wis. 2d 343, 352, 433 N.W.2d 572, 575 (1989). Although the three counts of nonsupport for the years prior to 1985 were ultimately dismissed, the state does not challenge the trial court's finding that defense counsel was deficient and fell below the standard expected of a reasonable attorney. This finding was based upon counsel's failure, prior to the plea bargain, to discover the effective date of the statute and to seek dismissal of counts charging offenses predating the existence of the statute under which the charges were brought.

The only remaining issue, therefore, is whether this defective performance changed the result of Grayson's prosecution. Grayson first argues that the federal test that places the burden of proof of showing prejudice upon the defendant instead of the government should be reversed when applying the right to counsel provisions of the Wisconsin Constitution. The state disagrees, noting that the Wisconsin Supreme Court routinely conforms its interpretation of state constitutional provisions establishing criminal defendant's rights to that accorded the comparable provisions of the federal constitution by the United States Supreme Court. We need not decide

this issue. Wherever the burden falls, the record discloses that the failure to seek dismissal prior to the plea bargain was not prejudicial.

The three counts at issue were in fact dismissed and considered read-ins as part of the plea bargain. Further, had the defense sought dismissal prior to the plea bargain, the trial court made a finding that the state would have amended the complaint either to charge nonsupport under the prior statute or, alternatively, increased the number of counts based upon Grayson's numerous failures to make the payments required.

Trial counsel testified that based upon his negotiations with the prosecutor, he believed the state would have made no further concessions even if the three counts had been dismissed by the court prior to the plea bargain. Based upon this testimony and other facts, the trial court found the state would have in fact successfully pursued multiple convictions even if the original three counts had been dismissed. In addition to counsel's testimony, as additional reasons for its finding that the state would not have acted differently were Grayson's prior conviction for nonsupport, the allegation that he had absconded from probation immediately thereafter and his exceptionally long history of nonpayment. The finding that the failure to seek dismissal did not alter the ultimate sentence is not clearly erroneous. We therefore deny the claim of ineffective assistance of counsel.

*By the Court.*—Judgment and order affirmed.

CANE, P.J. *(dissenting).* I dissent from the majority's decision construing sec. 940.27(2), Stats. (1987), to allow multiple felony convictions for felony nonsupport. The dispositive issue is whether the convictions are multiplicitous and that depends on whether the legislature

contemplated only a single felony nonsupport charge.[1]

Under sec. 940.27(2), Stats. (1987), it is a Class E felony for: "any person who intentionally fails for 120 or more consecutive days to provide . . . child support which the person knows or reasonably should know the person is legally obligated to provide . . .."[2]

Because the legislative history of this statute suggests that the 120-day period was introduced only to distinguish a felony from a misdemeanor, and because ambiguities in penal statutes should be resolved in favor of the accused, I would strictly construe the statute to allow only one felony charge. Multiplicity is the charging of a single offense in separate counts, *State v. Tappa,* 127 Wis. 2d 155, 161, 378 N.W.2d 883, 885 (1985), and it violates the double jeopardy provisions of art. I, sec. 8, of the state constitution, and the Fifth Amendment to the United States Constitution. *Id.* Regardless of whether there is a violation of double jeopardy, the charging of multiple counts may still be multiplicitous if the legislature intended only one unit of prosecution. *Id.* at 164, 378 N.W.2d at 887.[3]

---

[1]Section 940.27, Stats. (1987), became effective July 20, 1985. Grayson also maintains that his trial counsel was ineffective because he failed to seek dismissal of nonsupport charges relating to the years 1983, 1984 and 1985, periods of time prior to the existence of the statute under which he was charged. My holding that only one nonsupport conviction may stand renders the ineffective assistance of counsel claim moot.

[2]Section 940.27, Stats. (1987), has been renumbered to sec. 948.22, Stats., but the wording of sec. 940.27 with which we are concerned has not been changed.

[3]The question of double jeopardy and legislative intent in claims of multiplicity may be one and the same issue. *See Tappa,* 127 Wis. 2d at 173 n.3, 378 N.W.2d at 891 n.3 (Abrahamson, J., dissenting) (citing *Missouri v. Hunter,* 459 U.S. 359, 368 (1983)).

Statutory construction involves a question of law that we review de novo. *State v. Nixa,* 121 Wis. 2d 160, 163, 360 N.W.2d 52, 54 (Ct. App. 1984). In determining legislative intent, the relevant factors include the language of the statute, its legislative history and context, the nature of the proscribed conduct and the appropriateness of the multiple punishment. *Manson v. State,* 101 Wis. 2d 413, 422, 304 N.W.2d 729, 734 (1981). Finally, if there is ambiguity, we apply the rule of lenity, that is, the statute is strictly construed to safeguard a defendant's rights. *State v. Bohacheff,* 114 Wis. 2d 402, 417, 338 N.W.2d 466, 473 (1983).

The express language of the statute does not resolve the issue. It penalizes anyone who intentionally fails to pay child support for 120 consecutive days or more. The "or more" language certainly permits the charging in a single count of felony nonsupport for the failure to pay for more than 120 days. However, the statute is silent as to whether the prosecution is limited to a single count.

The absence of express authority for separate offenses may, in itself, be instructive. The legislature has frequently given express authority for separate prosecutions for continuing illegal conduct in matters affecting the economic well being of its citizens. For example, crimes relating to worker's compensation, unemployment compensation and wage rates on state work provide that each such act or omission "constitute[s] a separate offense." *See* secs. 102.17(3), 108.24(1), (2) and (3), and 103.49(4), Stats.

What the legislature did in these areas, however, is only marginally relevant to the present statute, and we must, therefore, examine the statute's language. It is appropriate to consider whether previous codifications of the criminal conduct in question have allowed multiple counts. *See,* for example, *Tappa,* 127 Wis. 2d at

166–67, 378 N.W.2d at 888; *State v. Eisch,* 96 Wis. 2d 25, 35, 291 N.W.2d 800, 805 (1980).

Similar to the present nonsupport statute, the two former sections that defined felony and misdemeanor nonsupport respectively were silent as to multiple prosecutions. Section 52.05, Stats. (1983), provided in part:

> Any person who deserts or wilfully neglects or refuses to provide for the support and maintenance of his or her . . . child under 18 years in destitute or necessitous circumstances shall be fined not more than $500 or imprisoned not more than 2 years or both.

Section 52.055, Stats. (1983), provided in part:

> Any parent who intentionally neglects or refuses to provide for the necessary and adequate support of his or her . . . child under 18 years . . . shall be guilty of a misdemeanor and may be fined not more than $100 or imprisoned not more than 3 months in the county jail or both.

While the express terms of the former statutes were similarly silent on the issue, there is a historical explanation for the introduction of the 120-day provision in the present statute. That explanation does not suggest that the 120-day provision was created for the purpose of permitting multiple prosecutions. The former nonsupport statutes were declared unconstitutional by a Milwaukee County Circuit Court based upon its conclusion that the elements of the two provisions were identical but had different penalties. The Wisconsin Court of Appeals affirmed that decision in an unpublished opinion. However, the Wisconsin Supreme Court reversed the court of appeals and declared the provisions of the former nonsupport statutes to be constitutionally sound. *State v. Cissell,* 127 Wis. 2d 205, 378 N.W.2d 691 (1985).

Prior to the supreme court's decision resolving the dispute, the lower court decision was presented to the legislature. According to a legislative drafting request, the new legislation would "remove the bar to criminal nonsupport actions caused by a Milwaukee circuit court finding that the present law is unconstitutional." This statement in the drafting request demonstrates that the 120-day period is used to provide a precise demarcation between the felony and the misdemeanor offense, and not to provide for multiple felony counts. This purpose for the 120-day provision was also recognized in *Cissell,* 127 Wis. 2d at 215, 378 N.W.2d at 695, when the court stated that "[t]he new statute, sec. 940.27, differentiates between sentence exposures on the basis of the length of time that a person fails to provide support."

Nothing else in the legislative record suggests that the current statute created the opportunity of multiple prosecutions. The analysis prepared by the legislative reference bureau states only that:

> This bill revises and reorganizes various laws relating to the duty to support dependents. Current law contains various provisions concerning abandonment or neglect of or failure to support a dependent child or spouse. In some cases these provisions appear to overlap by offering the same remedies; in other cases they appear to conflict by, for example, providing different penalties for nearly identical conduct.

The analysis also states that the bill

> increase[s] the penalty for failure to pay child support from a fine of up to $100 or not more than 3 months in jail or both to a fine of up to $10,000 or imprisonment not to exceed 9 months or both or, if the person does not pay for at least 120 days, to a fine of up to

570

$10,000 or imprisonment not to exceed 2 years or both.

The stated purpose of the legislation is thus to increase penalties and to eliminate possible constitutional problems.

An examination of the nature of the proscribed conduct and the appropriateness of multiple punishments does not resolve the issue of legislative intent. The state argues that the offenses are separated in time in that each 120-day period of failure to provide support was alleged to have occurred in a separate calendar year. However, these allegedly distinct offenses were arbitrarily imposed by the state in its charging. Furthermore, it may be argued that the nature of the necessary intent required for nonsupport is a continuing one and not formed separately in 120-day increments.

I recognize that failure to pay child support is a major problem in our society today. *See Dennis v. State,* 117 Wis. 2d 249, 268, 344 N.W.2d 128, 137 (1984) (Abrahamson, J., concurring). Sound public policy may call for the imposition of multiple or graded penalties for aggravated offenders like Grayson. Whether a different statutory scheme would more efficiently address the evils of nonsupport, however, is a decision that must be deliberately made by the legislature. I am not convinced that the present statute contemplated multiple prosecutions. I would reverse the judgment and order of the trial court and remand the matter for sentencing on one felony count of nonsupport.