STATE of Wisconsin, Plaintiff-Appellant,†

v.

Brad A. RADDEMAN, Defendant-Respondent.

Court of Appeals

*No. 00–0143–CR. Submitted on briefs June 30, 2000.—Decided August 9, 2000.*

## 2000 WI App 190

(Also reported in 618 N.W.2d 258.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael E. O'Rourke*, assistant district attorney.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Christopher A. Mutschler* of *Anderegg & Mutschler, LLP* of Fond du Lac.

Before Nettesheim, Anderson and Snyder, JJ.[1]

¶ 1.  NETTESHEIM, J.   The State of Wisconsin appeals from an order dismissing a criminal complaint against Brad A. Raddeman. The complaint alleged offenses of operating a motor vehicle while intoxicated (OWI) pursuant to WIS. STAT. § 346.63(1)(a) (1997–98)[2] and operating a motor vehicle with a prohibited alcohol concentration (PAC) pursuant to § 346.63(1)(b).[3] Raddeman challenged the State's dual prosecution of both offenses on due process and double jeopardy grounds. The trial court agreed with Raddeman that the dual prosecution of both offenses was fundamentally unfair in violation of his due process rights. We disagree because we read *State v. Bohacheff*, 114 Wis. 2d 402, 407, 338 N.W.2d 466 (1983), to already answer the question against Raddeman. We reverse the order dismissing the action and remand for further proceedings on the criminal complaint.

---

[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to WIS. STAT. § 809.41(3).

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[3] The complaint alleged that Raddeman was a repeat offender. Thus, Raddeman was charged with criminal offenses.

## *DISCUSSION*

¶ 2.  The facts are not in dispute. Following his arrest for OWI, Raddeman submitted to a blood test, which produced an alcohol concentration in excess of the legal limit. As a result, the State issued a criminal complaint alleging both OWI and PAC.

¶ 3.  Raddeman responded with a motion that challenged the State's dual prosecution on double jeopardy and due process grounds. The trial court agreed with Raddeman's challenge and dismissed the criminal complaint. The State appeals.

## *DOUBLE JEOPARDY*

■

¶ 4.  We begin with Raddeman's double jeopardy issue. Double jeopardy protects against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *See id.* at 407. Here, Raddeman had not previously been acquitted or convicted of either charge so the first two protections afforded by double jeopardy are not implicated. Thus, the issue narrows to the third protection against double jeopardy—whether the State's dual prosecution constitutes multiple punishments for the same offense.

¶ 5.  In *Bohacheff*, the supreme court addressed this aspect of double jeopardy protection. There, Bohacheff was dually charged with causing great bodily harm by operation of a motor vehicle while under the influence of an intoxicant and with a blood alcohol concentration of 0.1% or more pursuant to Wis. Stat. § 940.25(1)(a) and (b) (1981–82). *See Bohacheff*, 114 Wis. 2d at 404. Bohacheff argued that the dual prosecu-

631

tion violated his double jeopardy protections. *See id.* at 404–05. The supreme court disagreed. The court held that "the complaint does not violate double jeopardy protections because the statute subjects the defendant to only one conviction and one punishment." *Id.* at 405.

¶ 6.   Raddeman contends, however, that this case is different from *Bohacheff.* He contends that the OWI and PAC charges are the "same offense" for purposes of double jeopardy because WIS. STAT. § 885.235(1g)(c) makes an alcohol concentration of 0.1 grams or more prima facie evidence of intoxication. He argues that this statutory presumption permits a fact finder to use the alcohol concentration alone as the basis for a finding of guilt on each charge. Raddeman contends that *Bohacheff* saved the "same offense" issue in this case for another day when the court said, "The defendant does not challenge the statutory scheme that provides for two charges and two verdicts on any other grounds." *Bohacheff*, 114 Wis. 2d at 417–18.

¶ 7.   However, *Bohacheff*, speaking directly to the "same offense" implications of that case, also said:

> The defendant's position of multiple punishments rests on his assertion that (1)(a) and (1)(b) constitute one offense. . . .
>
> Since the court determines that the legislature did not authorize two convictions (and consequently no multiple punishments), *there is, of course, no need for the court to resolve the second question posited by the parties, namely, whether the two statutory provisions set forth the same offense.*

*Id.* at 408 n.6 (emphasis added).

¶ 8.   We agree that the supreme court's comment upon which Raddeman relies builds some ambiguity

into the court's earlier comment that it need not address the "same offense" issue. But the fact remains that the court expressly said that the prohibition against multiple punishments rendered the "same offense" issue moot. We hold that *Bohacheff* has already answered the double jeopardy issue against Raddeman.

## *DUE PROCESS*

¶ 9.  Raddeman's "same offense" argument also lies at the heart of his due process challenge. As a result, he contends that the dual prosecution procedure authorized by WIS. STAT. § 346.63(1)(c) violates notions of fundamental fairness in violation of his due process rights. He argues that it is fundamentally unfair to require him to twice defend against the same charge. He fears that the multiple charges increase the risk that he will be convicted of at least one of the charges even though he has prevailed with the fact finder on the other. He also contends that the multiple charging procedure invites juror confusion. The trial court agreed with these arguments. The court dismissed the complaint and directed the State to elect a prosecution on only one of the charges.

¶ 10.  We disagree with Raddeman and the trial court. We begin by observing that the statutory presumption set out in WIS. STAT. § 885.235(1g)(c) is permissive, not mandatory. *See State v. Vick*, 104 Wis. 2d 678, 693, 312 N.W.2d 489 (1981). As such, it does not conclusively establish that the defendant is under the influence. The burden to prove each element of OWI beyond a reasonable doubt remains with the State. *See In re Winship*, 397 U.S. 358, 364 (1970).

¶ 11. In *Bohacheff*, the supreme court recognized that it was possible for a person to have an alcohol concentration of 0.1% or more, yet not be under the influence. *See Bohacheff*, 114 Wis. 2d at 415–16. The court added, "Nevertheless, the legislature has determined that a person who causes great bodily harm while operating a vehicle *either* 'under the influence' *or* with a .10 percent or more blood alcohol concentration shall be subject to criminal penalty." *Id*. at 416. The court concluded:

> The legislature was concerned with punishing a single wrong—causing great bodily harm to another by drinking and driving—and tried to make it easier to do so by providing the two bases for liability. Although the legislature apparently viewed the two bases for liability as sufficiently distinct in concept to allow the prosecutor to proceed with two counts and to require the jury to bring back two verdicts, we conclude that the legislature did not intend to require two convictions, even if there were two guilty verdicts, or to impose multiple punishments. *This result is fair to offenders and society.*

*Id*. at 417 (emphasis added). Although the court uttered these remarks in the context of a double jeopardy challenge, the court nonetheless has declared that the dual prosecution procedure is fair to all concerned.

¶ 12. In *Bohacheff*, the supreme court also rejected any suggestion that the State should be required to make a pretrial election between the two charges. The court said:

> It is apparent from the statute that in allowing the prosecutor to proceed upon a violation of both paragraphs (a) or (b) for acts arising out of the same incident and in providing for two verdicts, the legislature intended not to authorize two convictions *but*

*to ensure that the prosecutor would not be forced to elect the charge or the mode of proof before trial and risk a variance between the evidence and the charge.*

*Id.* at 416 (emphasis added).

¶ 13.    Since WIS. STAT. § 885.235(1g)(c) does not create a mandatory presumption and since *Bohacheff* declares that the dual prosecution procedure set out in WIS. STAT. § 346.63(1)(c) is fair to all concerned, we reject Raddeman's due process challenge.

## CONCLUSION

¶ 14.    The State's dual prosecution of Raddeman for both OWI and PAC does not violate Raddeman's double jeopardy protection nor his due process rights. We reverse the order dismissing the complaint and we remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.