State of Wisconsin, Plaintiff-Appellant,
v.
Rey R. Palop, Defendant-Respondent.
No. 2005AP2408-CR.
Court of Appeals of Wisconsin, District III.
May 2, 2006.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
The State appeals an order dismissing with prejudice its complaint against Rey Palop, who was charged with eleven counts of obtaining a controlled substance by fraud as party to a crime, contrary to WIS. STAT. §§ 961.43(1)(a) and 939.05 (2001-02). The State contends Palop's motion to dismiss based on insufficiency of the complaint was untimely. We agree and accordingly, we reverse the order.
¶2 At the times relevant to the complaint, Palop was a physician in his residency program and under the supervision of an experienced physician. Palop's wife, Cheryl, suffered chronic headaches. According to the complaint, Palop would write prescriptions for a class III narcotic, Fioricet with codeine, and give them to Cheryl. Palop used a fictitious patient name when writing these prescriptions, evidently to circumvent rules preventing him from treating his wife. When filling the prescriptions, Cheryl used a false social security number, a number actually assigned to a different Wisconsin resident.
¶3 The criminal complaint was filed October 17, 2003. Palop's initial appearance was March 22, 2004. On July 15, Palop waived his right to a preliminary hearing. He was bound over for trial, the State filed the Information, and Palop pled not guilty. On August 11, Palop moved to dismiss, claiming the complaint was insufficient.
¶4 At the motion hearing on April 4, 2005, the State argued that Palop's motion was untimely. The State relied primarily on WIS. S TAT. § 971.31(5)(c),[1] which states, "In felony actions, objections based on the insufficiency of the complaint shall be made prior to the preliminary examination or waiver thereof or be deemed waived." The court dismissed the State's reliance on the statute and asked the State to address the merits of Palop's motionnamely, whether the complaint was sufficient to support the fraud component of the underlying charge. The State complied.
¶5 The court ruled on the motion on June 3, 2005. It observed WIS. STAT. § 971.31(5)(c) indicates that after the defendant is bound over and the Information replaces the complaint, it is too late for a defendant to challenge the complaint's sufficiency. However, the court stated it would not make sense to allow a trial to proceed if it were clear the facts would not support conviction. Thus, the court considered Palop's motion to be brought under WIS. STAT. § 971.31(2) and not precluded by § 971.31(5)(c).
¶6 Interpretation of statutes, and application of statutes to facts, are questions of law this court reviews without deference to the circuit court. See State v. Nixa, 121 Wis. 2d 160, 163, 360 N.W.2d 52 (Ct. App. 1984); World Wide Prosthetic Supply, Inc. v. Mikulsky, 2002 WI 26, ¶8, 251 Wis. 2d 45, 640 N.W.2d 764.
¶7 The court ruled that Palop's motion could be considered under WIS. STAT. § 971.31(2). That statute states, in relevant part, "Except as provided in sub. (5), defenses and objections based [on]... insufficiency of the complaint ... shall be raised before trial by motion or be deemed waived." (Emphasis added.) It is therefore clear that whatever the legislature intended § 971.31(2) to accomplish, a challenge to the sufficiency of a felony complaint must be brought before the preliminary hearing.[2] Subsection (2) is expressly limited by the requirements of subsection (5), and WIS. STAT. § 971.31(5)(c) is clear on its face. "Challenges to the sufficiency of a complaint must be made prior to the preliminary hearing." State v. Berg, 116 Wis. 2d 360, 365, 342 N.W.2d 258 (Ct. App. 1983). If it appears that the facts alleged in the complaint would not support conviction, then it is incumbent upon the defendant to pursue a timely ruling.
By the Court.  Order reversed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] Palop argues "[a] challenge to the probable cause or the standard of proof to satisfy an alleged offense can always be brought any time before trial." However, he cites no legal authority for this proposition. See WIS. STAT. RULE 809.19(1)(e).