STATE of Wisconsin,
Plaintiff-Respondent,

v.

Tommie THAMES,
Defendant-Appellant.†

Court of Appeals

*No. 2004AP1257. Submitted on briefs January 04, 2005.*
*—Decided April 12, 2005.*

2005 WI App 101

(Also reported in 700 N.W.2d 285.)

† Petition to review denied 7-28-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Tommie Thames*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Shannon Wittenberger*, assistant attorney general and *Peggy A. Lautenschlager*, attorney general.

Before Fine, Curley and Kessler, JJ.

¶ 1. KESSLER, J. Tommie Thames appeals *pro se* from an order denying his WIS. STAT. § 974.06 (2003–04)[1] motion for postconviction relief. We conclude that the issues raised in Thames's motion are procedurally barred by the plain language of § 974.06 and under the law of *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), and *State v. Lo*, 2003 WI 107, 264 Wis. 2d 1, 665 N.W.2d 756. Therefore, we affirm the order.

## BACKGROUND

¶ 2. In February 1995, approximately two months before his eighteenth birthday, Thames was charged with first-degree reckless homicide using a dangerous

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

weapon (count one), attempted first-degree intentional homicide using a dangerous weapon (count two), and mutilating a corpse (count three), in violation of Wis. Stat. §§ 939.32, 939.63(1)(a)2., 940.01(1), 940.02(1), 940.11(1) (1995–96). Thames was charged as an adult. He waived a preliminary hearing, and ultimately entered a guilty plea to all charges.[2] The trial court found Thames guilty and sentenced him to forty-five years in prison for count one, and twenty-five years for count two, consecutive to the sentence on count one. The trial court also imposed and stayed a seven-year sentence for count three and placed Thames on probation for five years, consecutive to counts one and two.

¶ 3. Thames appealed and was represented by the same attorney he had at the trial court. This court affirmed the judgment in an unpublished decision, *State v. Thames*, No. 1995AP3313–CR, unpublished slip op. (Wis. Ct. App. Sept. 10, 1996), *review denied,* 207 Wis. 2d 287, 560 N.W.2d 275 (1996). In that decision, we summarized the background facts as follows:

> Thames and his friends, David Bost and Sean Rhodes, met at Rhodes's home to smoke marijuana and drink gin. Thereafter, Thames and Bost began "playing" with guns and Thames accidentally shot Bost in the head. Instead of taking Bost to a hospital, out of fear that they would be caught by the police, Thames and Rhodes put Bost in the trunk of Rhodes's car and drove around, looking for an open garage to dump the body. After Thames and Rhodes left Bost in a vacant garage, they

---

[2] The judge who accepted Thames's plea and heard the original Wis. Stat. § 974.06 motion in this case was the Honorable Stanley A. Miller. The 2004 § 974.06 motion that is the subject of this appeal was heard by the Honorable Michael B. Brennan after the case was administratively reassigned following Judge Miller's death.

left in the car. They returned to the garage when their car ran out of gas. When Thames and Rhodes returned, Rhodes instructed Thames to "put him [Bost] to rest." Thames shot Bost again; again in the head. Thames then burned the body.

*Id.* at 2.[3]

¶ 4. The issues raised before the trial court, and in Thames's direct appeal, included whether the homicide and attempted homicide charges were multiplicitous, and whether the court had jurisdiction over the attempted homicide (count two) where the complaint failed to allege that the victim was alive at the time of the second shot. Thames argued that he could not be convicted of attempting to kill someone who may have already been dead. We rejected his analysis in 1996. *See id.*

¶ 5. After losing his appeal in 1996, Thames filed a *pro se* motion in 1997 pursuant to Wis. Stat. § 974.06 (1997–98), seeking dismissal of count two, withdrawal of his guilty plea, and "correction" of his sentence. He alleged in support of those requests that he received ineffective assistance of appellate counsel because appellate counsel did not raise ineffective assistance of trial counsel based on several things Thames now believed trial counsel should have done. For example, Thames alleged in the 1997 motion that trial counsel

---

[3] Although unpublished cases may not be cited for precedential value in other litigation, a prior unpublished decision in this case establishes the law of the case, and the facts previously determined therein. *See State v. Moeck,* 2004 WI App 47, ¶ 20, 270 Wis. 2d 729, 677 N.W.2d 648 ("The law of the case doctrine is a 'longstanding rule that a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal.' ") (citation omitted).

had failed to obtain dismissal of count two (the attempted intentional homicide) because of failure to establish the exact time of death through the medical examiner.

¶ 6. Further, in the 1997 motion, Thames asserted, but did not factually develop, claims that there was "unconstitutional suppression of evidence by the state," that he was "being twice placed in jeopardy," and that his constitutional rights (both Wisconsin and United States) were violated. He supported these claims by alleging that his trial counsel did not "investigate and did not prepare a defense as to count two." He also claimed that the preliminary hearing did not establish evidence that the victim was alive when shot in connection with count two.[4] He reported in his 1997 motion papers that he learned of these failings from reading the transcripts of the court proceedings.

¶ 7. The 1997 motion was denied by the trial court in a written order dated July 25, 1997. Thames appealed. He requested an extension of time to file his brief, which was granted on October 23, 1997. Time was extended to December 18, 1997. He did not file his brief within the extended time period. On January 13, 1998, the court of appeals, on its own motion, granted Thames another extension, until February 13, 1998. In doing so, this court explicitly advised Thames that failure to comply with the new deadline would result in dismissal of his appeal pursuant to WIS. STAT. § 809.83(2) (1997–98). Still Thames filed no brief. Finally, on February 26, 1998, this court dismissed the appeal, pursuant to § 809.83(2).

---

[4] The transcripts further disclose that he waived a preliminary hearing, and thus could hardly complain about what a hearing that was not held failed to establish.

¶ 8. In March 2004, Thames filed a second *pro se* motion for postconviction relief pursuant to WIS. STAT. § 974.06. It is apparent from the motion, and from the language in the trial court's decision, that Thames did not inform the new judge assigned to the case about his 1997 § 974.06 motion. Nor did he disclose that his appeal from denial of that motion was dismissed because of his four months of inaction.

¶ 9. In the 2004 motion, Thames again sought to withdraw his guilty plea on the grounds that his postconviction counsel was ineffective for failing to raise ineffective representation by his trial counsel. The alleged trial counsel inadequacies differed only slightly from the 1997 allegations of inadequacy. The 2004 allegations substantially involve the multiplicity claim as to count two, which was addressed in Thames's direct appeal. *See Thames*, No. 1995AP3313–CR, unpublished slip. op. at 5–7. The trial court denied the 2004 motion, without a hearing, in a written decision and order dated April 14, 2004. This appeal followed.

## DISCUSSION

■

¶ 10. Although the trial court issued a well-reasoned opinion on the merits of Thames's 2004 WIS. STAT. § 974.06 motion, this appeal must be resolved on other grounds of which the trial court was obviously unaware: the prior filing of a § 974.06 motion. Because the trial court was unaware of the 1997 motion, it did not consider whether the issues raised in the 2004 motion were procedurally barred because Thames raised them, or could have raised them, in the 1997 motion. Whether the issues are barred is a question of law that we review *de novo, see Escalona-Naranjo*, 185

Wis. 2d at 175–76, and we will affirm the trial court if the court reached the correct result, even if we employ different reasoning, *see Negus v. Madison Gas & Elec. Co.*, 112 Wis. 2d 52, 61 n.3, 331 N.W.2d 658 (Ct. App. 1983).

■■■

¶ 11. We affirm because we conclude that Thames's present claims were all raised, or could have been raised, in his direct appeal or in his 1997 WIS. STAT. § 974.06 motion. Issues that were previously adjudicated cannot be raised in a 974.06 motion. *See* 974.06(4)[5]; *Escalona-Naranjo*, 185 Wis. 2d at 181–82. Section 974.06 and Escalona-Naranjo also preclude a defendant from pursuing claims in a subsequent appeal that could have been raised in his or her direct appeal, unless the defendant provides sufficient reason for failure to raise the claims in the first instance. *Lo*, 264 Wis. 2d 1, 31. *Lo* explained:

> [A] criminal defendant [is] required to consolidate all postconviction claims into his or her original, supplemental, or amended motion. If a criminal defendant fails to raise a constitutional issue that could have been raised on direct appeal or in a prior 974.06 motion, the constitutional issue may not become the basis for a subsequent 974.06 motion unless the court ascertains

---

[5] WISCONSIN STAT. § 974.06(4) provides:

All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

> that a sufficient reason exists for the failure either to allege or to adequately raise the issue in the appeal or previous 974.06 motion.

*Id.* (citations omitted). This is because multiple and successive attacks on the same conviction or sentence undermine the goal of finality of litigation, clog the judicial system and waste judicial resources to the detriment of other litigators. *See id.*, 44–46.

¶ 12. We conclude that Thames's arguments are procedurally barred. Thames has raised essentially the same issues he raised in his direct appeal and in his 1997 Wis. Stat. § 974.06 motion. The fact that Thamess appeal of the trial courts order denying his 1997 974.06 motion was dismissed pursuant to Wis. Stat. § 809.83(2) (1997–98)[6] does not change the result. When no appeal is taken, all provisions of a judgment, and the findings and conclusions upon which it is based, are conclusive and binding upon all parties to the litigation. *Kriesel v. Kriesel*, 35 Wis. 2d 134, 138, 150 N.W.2d 416 (1967). The result is the same where, as here, a party filed a notice of appeal but failed to file a

---

[6] Wisconsin Stat. § 809.83(2) (1997–98) provided:

Noncompliance with rules. Failure of a person to comply with a requirement of these rules, other than the timely filing of a notice of appeal or cross-appeal, does not affect the jurisdiction of the court over the appeal but is grounds for dismissal of the appeal, summary reversal, striking of a paper, imposition of a penalty or costs on a party or counsel, or other action as the court considers appropriate.

The only change to § 809.83(2) since 1997 added the phrase "with a court' order or" after the word "comply." *See* § 809.83(2) (2003–04).

brief after repeated extensions, resulting in a dismissal of the appeal pursuant to § 809.83(2).[7]

██

¶ 13. Each of the issues raised in the 2004 § 974.06 motion were, or could have been, raised in Thames's direct appeal or in his previous § 974.06 motion, and are therefore barred. *See Lo*, 264 Wis. 2d 1, 31. Specifically, the current claims of ineffective assistance of trial counsel include: failure to investigate (apparently meaning the time of death so as to continue to dispute the sufficiency of the facts to support count two), failure to advise of the rights he was waiving by pleading guilty, failure to request a competency hearing, and failure to request a *Miranda-Goodchild* hearing.[8] Only the last three allegations were not contained in the 1997 motion, although they clearly fall within the claims for ineffective assistance of counsel, and denial of rights guaranteed under the United States and Wisconsin Constitutions. Thames's 2004 motion provides no explanation for his failure to raise these claims in his 1997 motion.

---

[7] Our supreme court has recognized that dismissal of an appeal pursuant to Wis. Stat. § 809.83(2) "represents an abrupt termination of litigation and in many cases it imposes a finality to both issues and claims." *State v. Smythe*, 225 Wis. 2d 456, 469, 592 N.W.2d 628 (1999). Nonetheless, the sanction is appropriate where the appeal has been abandoned. *See id.* Thames did not appeal this court's order dismissing his appeal. Indeed, he never even mentioned the dismissal in his 2004 Wis. Stat. § 974.06 motion. We see no reason not to treat the trial court's decision on Thames's 1997 § 974.06 motion, the final decision on the merits of his motion, as binding on all parties to the litigation.

[8] *See Miranda v. Arizona*, 384 U.S. 436 (1966); *State ex rel. Goodchild v. Burke*, 27 Wis. 2d 244, 133 N.W.2d 753 (1965).

¶ 14. In support of the new claim to suppress his confession, he tells us only that he did not waive his *Miranda* rights. However, the record belies this bald assertion. Thames executed a standard guilty plea questionnaire and waiver of rights form. At the guilty plea hearing, counsel explicitly addressed the issue of any potential challenge to the voluntariness of Thames's statement, noting:

> I have not filed any motions on statements because of my client's indication to me – just for the record – that they were freely and voluntarily given, [that he] understood them, and was advised of his constitutional rights. I am not aware of any possible motions on this date.

If this statement was inaccurate, Thames knew it at the time of the guilty plea, at the time of his appeal, and at the time of his first Wis. Stat. § 974.06 motion. He offers no reason why he did not raise it at the guilty plea hearing, in his direct appeal or in his 1997 § 974.06 motion.

¶ 15. Likewise, in support of Thames's new claim that he was incompetent, he refers to the presentence report, which was filed July 20, 1995. The record discloses efforts by his attorney in connection with the sentencing report to have him transported to a doctor's office in July 1995 for a neuropsychological evaluation. Hence the question, if any, of his mental condition at the time of sentencing, was known to him no later than July 1995. It could have been raised in his direct appeal, and at the time of his first Wis. Stat. § 974.06 motion. He offers no reasonable explanation for the delay in raising this issue.

¶ 16. Finally, the claimed failure of Thames's trial counsel to advise him of the rights he waived by

pleading guilty is precisely the type of issue that was known to Thames at the time of the first Wɪs. Stat. § 974.06 motion. It was not raised and Thames is therefore procedurally barred from raising this issue.

## CONCLUSION

¶ 17. The issues raised in Thames's Wɪs. Stat. § 974.06 motion are procedurally barred pursuant to § 974.06(4), *Escalona-Naranjo* and *Lo*. Therefore, we affirm the trial court's order denying Thames's motion.

*By the Court.*—Order affirmed.