COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP668-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2008CF1778**

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

 PLAINTIFF-RESPONDENT,

 V.

JERRY L. ANDERSON,

 DEFENDANT-APPELLANT.

   APPEAL from an order of the circuit court for Dane County: NICHOLAS McNAMARA, Judge. *Affirmed*.

   Before Kloppenburg, Graham, and Nashold, JJ.

   **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jerry Anderson, pro se, appeals a circuit court order denying his motions for postconviction relief. The issue on appeal is whether Anderson's claims are procedurally barred. We conclude that they are barred. Therefore, we affirm.

## BACKGROUND

¶2 In 2008, after a jury trial, Anderson was convicted of false imprisonment, strangulation and suffocation, second-degree recklessly endangering safety, four counts of misdemeanor battery, and felony bail-jumping. The criminal complaint alleged that, among other acts, Anderson "stuck" the victim with a screwdriver.

¶3 Attorney Suzanne Edwards was appointed as postconviction counsel for Anderson, but Anderson elected to represent himself, after this court confirmed that Anderson understood the disadvantages of proceeding pro se. Anderson's initial appeal, No. 2009AP3164-CR, was voluntarily dismissed, and Anderson filed several pro se postconviction motions in the circuit court, alleging ineffective assistance of trial counsel, discriminatory jury selection, prosecutorial misconduct, inconsistent statements by witnesses, insufficiency of the evidence, improper sentencing, and errors in the record. The circuit court denied each of these claims after an evidentiary hearing held on October 7, 2010. This court affirmed the circuit court's decision in an unpublished opinion. *See State v. Anderson*, No. 2010AP2599-CR, unpublished slip op. (WI App May 10, 2012).

¶4 In January 2013, Anderson filed a WIS. STAT. § 974.06 (2017-18)[1] postconviction motion, alleging that the investigating detective bribed the victim and that the prosecutor engaged in misconduct. Anderson also alleged that the evidence was insufficient to support his conviction for second-degree recklessly endangering safety, arguing that the evidence suggested only that he had "hit" the victim with a screwdriver, not that he had stabbed her with it. The circuit court denied the motion without a hearing. Anderson initiated an appeal, but the appeal, No. 2013AP1616, was dismissed on August 20, 2013 for lack of jurisdiction.

¶5 In 2015, Anderson filed his second and third WIS. STAT. § 974.06 motions, but later withdrew the motions. He filed a fourth § 974.06 motion in March 2016, again alleging that the victim was hit, but not stabbed, with a screwdriver. In April 2016, Anderson filed a motion to vacate his sentence on the basis of allegations that two jurors had criminal records they did not disclose during voir dire. Then, in May 2016, Anderson filed a motion for sentence modification based on a "new factor," alleging that he was not arraigned on the reckless-endangerment count. Anderson again attempted to initiate an appeal, No. 2016AP1136, but the appeal was dismissed for lack of jurisdiction on June 15, 2016.

¶6 On August 8, 2016, Anderson filed a group of four postconviction motions. Within this group, Anderson alleged again that the evidence was insufficient to convict him of second-degree recklessly endangering of safety, reiterating his denial of having stabbed the victim with a screwdriver. Anderson also alleged that his trial counsel was ineffective for failure to raise the issue, and

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted. Anderson brought WIS. STAT. § 974.06 motions under the statutes in effect at the time of his motions; however, since the pertinent statutes have not changed since before Anderson's motions, we will refer to and cite from the current version.

that his appellate counsel was also ineffective for failing to raise the issue of trial counsel's ineffectiveness. In addition, Anderson repeated previously-made allegations that the victim was bribed, that the prosecutor engaged in misconduct, and that Anderson was not arraigned for the reckless-endangerment count. Anderson also alleged that certain State witnesses committed perjury in their trial testimony and that the jury was "tainted" by two jurors who had undisclosed criminal records. Also in August 2016, Anderson again attempted to initiate an appeal. This court dismissed the appeal, No. 2016AP1617, for lack of jurisdiction on October 7, 2016. On April 5, 2017, the circuit court issued a written order denying all of Anderson's claims for postconviction relief.

¶7 On April 17, 2017, Anderson filed another postconviction motion, this time with the assistance of retained counsel, Robert Meyeroff. The motion again made the argument that there was insufficient evidence to support Anderson's conviction on the reckless-endangerment count, and sought to vacate any other counts because Anderson was allegedly not arraigned on them. The circuit court denied the motion in an order dated January 31, 2018. Anderson's counsel filed a notice of appeal. The appeal, No. 2018AP289, was voluntarily dismissed on February 26, 2018.

¶8 In September 2018, Anderson filed another postconviction motion through Attorney Meyeroff. The motion sought dismissal of the reckless-endangerment count on the basis that "new" evidence in the form of a potentially exculpatory DNA report from the state crime lab was not turned over to the defense until 2018, and was not introduced as an exhibit at trial. The circuit court denied the motion in an order dated February 5, 2019, concluding that Anderson's assertion that the evidence was not provided to him until 2018 and never introduced into evidence at trial was "factually wrong."

4

¶9    On February 26, 2019, Anderson filed a fifth WIS. STAT. § 974.06 motion, again proceeding pro se. Anderson again argued that the DNA report was newly discovered evidence not previously disclosed to him. Anderson also reiterated prior claims of prosecutorial misconduct, ineffective assistance of counsel, and insufficiency of the evidence to support the reckless-endangerment count. Anderson also argued that his retained counsel rendered ineffective assistance in litigating the September 2018 postconviction motion. In an order entered March 21, 2019, the circuit court denied Anderson's motion on the basis that his claims were procedurally barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Anderson now appeals.

## STANDARD OF REVIEW

¶10    Whether a claim is procedurally barred is a question of law that is considered de novo. *State v. Tillman*, 2005 WI App 71, ¶14, 281 Wis. 2d 157, 696 N.W.2d 574.

## DISCUSSION

¶11    "[A]ny claim that could have been raised on direct appeal or in a previous WIS. STAT. § 974.06 … postconviction motion is barred from being raised in a subsequent § 974.06 postconviction motion, absent a sufficient reason." *State v. Lo*, 2003 WI 107, ¶2, 264 Wis. 2d 1, 665 N.W.2d 756 (footnote omitted); *see also Escalona-Naranjo*, 185 Wis. 2d at 184-85. For the reasons discussed below, we conclude that all of Anderson's claims are procedurally barred.

¶12    Anderson makes numerous arguments in his appellant's brief regarding errors alleged to have occurred at his trial. He asserts that his trial counsel was ineffective for failing to raise these issues. All of these claims are procedurally

barred. When a defendant has filed several postconviction motions, appeals, or combinations thereof, he is barred from raising a new claim unless he shows sufficient reasons for not raising that claim in each of his previous motions and/or appeals. *See State v. Thames*, 2005 WI App 101, ¶¶11-13, 281 Wis. 2d 772, 700 N.W.2d 285.

¶13    Anderson attempts to get around the procedural bar of *Escalona-Naranjo* by arguing that Suzanne Edwards, the attorney appointed to represent him in his direct appeal, and his retained counsel, Robert Meyeroff, provided ineffective assistance in postconviction and appellate proceedings. It is true that, in some instances, ineffective assistance of postconviction or appellate counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or appeal. *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W. 2d 668; *see also State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 680 n.5, 556 N.W.2d 136 (Ct. App. 1996) (a claim of ineffective assistance of counsel is a means of circumventing a waiver). However, this argument fails as to Attorney Edwards because Anderson discharged Edwards and elected to represent himself in his direct appeal. A defendant who represents himself cannot complain that he was denied the effective assistance of counsel. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

¶14    As to Anderson's claims that Attorney Meyeroff was ineffective, Anderson hired Meyeroff to represent him on motions filed under WIS. STAT. § 974.06. There is no constitutional right to counsel on a § 974.06 motion. *State v. Evans*, 2004 WI 84, ¶32, 273 Wis. 2d 192, 682 N.W.2d 784, *abrogated on other grounds by State ex rel. Coleman v. McCaughtry*, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900. Because Anderson did not have a constitutional right to counsel

on the collateral challenges to his conviction, he cannot succeed on an argument that Meyeroff rendered constitutionally ineffective assistance of counsel.

¶15    Anderson also argues in his appellant's brief that the circuit court should have granted his motion challenging his conviction for second-degree recklessly endangering safety on the basis of sufficiency of the evidence. Anderson asserts that this theory is supported by a DNA report that was introduced into evidence by the State at trial, but that he alleges was not turned over to the defense beforehand. These arguments were previously litigated and decided. In January 2013, Anderson filed a WIS. STAT. § 974.06 postconviction motion in which he alleged that the evidence was insufficient to support his conviction for second-degree recklessly endangering safety because the victim said she was hit with a screwdriver but not stabbed. The circuit court denied the motion. The argument regarding disclosure of the DNA report was previously made by Anderson in a motion filed in September 2018, through his retained counsel. The court denied the motion in an order dated February 5, 2019, concluding that the assertion that the evidence was not provided to the defendant until 2018 and never introduced into evidence at trial was "factually wrong." Because these issues were previously raised and decided, Anderson is barred under *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991), from litigating them again.

¶16    On appeal, Anderson also renews his previously-litigated claim that the prosecutor engaged in misconduct by pursuing charges against him despite inconsistencies in witness testimony. We considered and rejected this claim in Anderson's direct appeal. *See Anderson*, No. 2010AP2599-CR, ¶9. Our decision on this issue constitutes the law of the case, and we will not revisit the issue for a second time. *See State v. Moeck*, 2005 WI 57, ¶18, 280 Wis. 2d 277, 695 N.W.2d

783 (a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings).

¶17 Finally, Anderson argues in his reply brief that jurisdictional defects resulted in the circuit court losing jurisdiction over his case. We will not, as a general rule, consider arguments raised for the first time in a reply brief, *In Matter of Estate of Bilsie*, 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (Ct. App. 1981), and we see no reason to depart from that rule in this case.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.