COURT OF APPEALS
DECISION
DATED AND FILED

August 31, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP241-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF360

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

NUGENE A. JACKSON,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JEAN M. KIES, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Nugene A. Jackson, *pro se*, appeals from an order of the circuit court that denied his motion for sentence modification. Jackson

contends that his mental health diagnoses of schizophrenia and bipolar disorder constitute a new factor. The circuit court concluded Jackson failed to demonstrate a new factor. We agree with the circuit court and affirm the order.

## BACKGROUND

¶2      Jackson pled guilty to a charge of "intentionally violat[ing] a court order issued under [WIS. STAT. §] 973.049(2)," a Class H felony contrary to WIS. STAT. § 941.39(1) (2017-18).[1]  Two additional charges were dismissed and read in. There were multiple penalty enhancers attached to the § 941.39 charge, and Jackson was given the maximum enhanced sentence of nine years' initial confinement and three years' extended supervision.[2]  With the assistance of counsel, Jackson filed a postconviction motion seeking to vacate a $100 domestic violence surcharge, which was granted. No additional postconviction relief was sought.

¶3      Jackson subsequently filed the *pro se* motion for sentence modification that underlies this appeal. He stated it was a motion under WIS. STAT. §§ 809.30 and 974.06 and asserted that there was a new factor that had been "overlooked by the trial court and his trial as well as appeal attorneys." Specifically, Jackson claimed that "his mental health [diagnoses] of schizophrenia and bi-polar should have been taken into account" and that trial counsel was

---

[1] WISCONSIN STAT. § 973.049(2) (2017-18) states, in relevant part: "When a court imposes a sentence on an individual … the court may prohibit the individual from contacting victims of, witnesses to, or co-actors in, a crime considered at sentencing[.]"

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Jackson was sentenced by the Honorable Jeffrey A. Kremers.

2

ineffective "for not raising or investigating [his] mental health issues as well as history." He argued that any "objectively reasonable attorney would have taken into … account Jackson's mental health issues" and would have tried a not guilty by reason of mental disease or defect (NGI) plea, "used [his] mental health issue[s] at trial to show there was no criminal intent," or presented his mental health issues as a mitigating factor at sentencing.

¶4    The circuit court denied the motion. It stated that Jackson had "waived his opportunity to defend the allegations of the complaint at a trial by entering his guilty plea." It further observed that the psychological records Jackson submitted to support his motion postdated his sentencing hearing, and that Jackson's motion established no connection whatsoever between his "mental health diagnoses and his criminal wrongdoing in this case." Thus, the circuit court concluded that Jackson had failed to show a new factor and denied the motion. Jackson appeals.

## DISCUSSION

¶5    On appeal, the State argues that Jackson's motion is procedurally barred. A prisoner who has had a direct appeal or other postconviction motion may not seek collateral review of an issue that was or could have been raised in the earlier proceeding, unless there is a "sufficient reason" for failing to raise it earlier. *See* ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994); *see also* WIS. STAT. § 974.06(4). Whether a procedural bar applies is a question of law. *See* ***State v. Tolefree***, 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).

¶6    In his postconviction motion, Jackson asserted that "trial as well as appeal attorneys" were ineffective for not raising his mental health issues in some

3

fashion.[3] Claims of ineffective assistance of trial counsel must be raised in the trial court in a postconviction motion prior to a direct appeal. *See* WIS. STAT. RULE 809.30(2)(h). Therefore, a postconviction attorney's failure to raise ineffective assistance of trial counsel may present a "sufficient reason" to overcome the *Escalona* procedural bar. *See, e.g.*, ***State ex rel. Rothering v. McCaughtry***, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). When an ineffective assistance of postconviction counsel claim is premised on the failure to raise the ineffective assistance of trial counsel, the defendant must first establish that trial counsel actually was ineffective. ***State v. Ziebart***, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369. To demonstrate ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that this deficiency prejudiced the defendant. *See* ***State v. Dillard***, 2014 WI 123, ¶85, 358 Wis. 2d 543, 859 N.W.2d 44.

¶7 "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." ***State v. Allen***, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. Whether the motion alleges sufficient material facts is a question of law we review *de novo*. *See **id.***, ¶9. If the motion does not raise sufficient facts, if the motion presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, then the decision whether to grant a hearing is committed to the circuit court's discretion. *See **id.*** We review such a decision for an erroneous exercise of discretion. *See **id.***

---

[3] While postconviction and appellate counsel are often the same attorney, the performance of appellate counsel cannot be challenged in the circuit court. *See **State v. Knight***, 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992). We thus construe Jackson's motion as alleging his postconviction attorney was ineffective.

¶8      The circuit court did not specifically invoke a procedural bar to deny Jackson's motion.   However, in noting the failure to link his mental health diagnoses to his behavior, the circuit court essentially concluded that Jackson had failed to allege sufficient material facts in his motion.  We agree.

¶9      First, the circuit court correctly stated that Jackson's entry of his plea results in the forfeiture of any defenses, like an NGI defense.  *See State v. Kelty*, 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886; *see State v. Grayson*, 165 Wis. 2d 557, 561, 478 N.W.2d 390 (Ct. App. 1991).  Jackson does not claim that, had his trial attorney had him evaluated or otherwise raised his mental health issues, he would have declined the plea offer and opted for a trial, nor does he allege any facts to demonstrate there was any evidentiary support for an NGI plea. *See State v. Magett*, 2014 WI 67, ¶7, 355 Wis. 2d 617, 850 N.W.2d 42 ("In only an exceptional case with extraordinary facts may a defendant carry his burden in the responsibility phase of a criminal trial by relying solely on his own testimony."); *see also* WIS. STAT. § 971.15(3) (NGI is an affirmative defense that defendant must prove "to a reasonable certainty by the greater weight of the credible evidence.").

¶10     Second, Jackson's motion makes no allegations that show how his schizophrenia or bipolar disorder, or any symptoms of those disorders, reduce his culpability for his offenses, negate criminal intent, or serve as mitigating sentencing factors.  In fact, Jackson does not even mention what symptoms he was experiencing or when.[4]  That Jackson may have suffered some symptoms from his

---

[4] In his appellant's brief, Jackson describes some of the symptoms of schizophrenia and bipolar disorder.  However, he only describes the symptoms in a general fashion and, in any event, we review only the allegations within the four corners of the motion itself. *See State v. Allen*, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433.

mental illness does not mean that his mental illness prevented him from appreciating the wrongfulness of his conduct or from conforming his behavior to the requirements of the law. *See* WIS. STAT. § 971.15(1).

¶11  Jackson's motion thus failed to allege sufficient material facts to show that trial counsel was ineffective for failing to bring Jackson's mental health issues to the fore. Because trial counsel was not ineffective, postconviction counsel was not ineffective for failing to challenge trial counsel's performance. *See State v. Wheat*, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441. With no sufficient reason offered for failing to raise the trial counsel issue in the first postconviction motion, the *Escalona* procedural bar applies.

¶12  Despite the existence of a procedural bar, though, a circuit court may still modify a sentence if the defendant shows a new factor that warrants modification.[5] *See State v. Harbor*, 2011 WI 28, ¶¶35, 51, 333 Wis. 2d 53, 797 N.W.2d 828. A "new factor" is a fact or a set of facts that is "'highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.'" *Id.*, ¶¶40, 52 (citation omitted). The defendant has the burden to demonstrate the

---

[5] A new factor motion is not fully immune from the procedural bar of *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994); however, notwithstanding our *Escalona* discussion above, we question whether that bar should be applied to the new factor allegations in this case. *Cf., e.g.*, *State v. Casteel*, 2001 WI App 188, ¶¶16-17, 247 Wis. 2d 451, 634 N.W.2d 338 (where an alleged "new factor" derived from a law passed in 1989, and defendant-appellant had brought seven appeals between then and 2001, the new factor claim was procedurally barred).

existence of a new factor by clear and convincing evidence. *Id.*, ¶36. Whether facts constitute a new factor is a question of law. *See id.*

¶13 The circuit court relied on its conclusions regarding forfeiture and pleading sufficiency to conclude that there was no new factor, but the link between those pleading deficiencies and the new factor test is not particularly clear in the circuit court's order. However, we agree that Jackson has failed to demonstrate the existence of a new factor, and we may affirm the circuit court's result even if we employed different reasoning. *See State v. Thames*, 2005 WI App 101, ¶10, 281 Wis. 2d 772, 700 N.W.2d 285.

¶14 Here, Jackson's mental health issues were not unknown at the time of sentencing; indeed, both diagnoses had been listed on the plea questionnaire. Even if we assume that those diagnoses had been overlooked by counsel and the sentencing court, Jackson does not claim or show that *he* overlooked them— information known to defendant at the time of sentencing is generally not a new factor. *See State v. Crockett*, 2001 WI App 235, ¶14, 248 Wis. 2d 120, 635 N.W.2d 673 ("Although the [circuit] court may have 'unknowingly overlooked' these facts, [the defendant] does not claim that he was unaware of them as well. Therefore, these facts are not new factors."). Jackson also advances no argument to show why his mental health issues were or would have been "highly relevant" to the imposition of sentence.

¶15 As a motion pursuant to WIS. STAT. § 974.06, Jackson's motion is not only conclusory but procedurally barred. As a new factor motion, Jackson's motion fails to demonstrate a new factor. Under either characterization, the circuit court did not err in denying the motion.

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.