COURT OF APPEALS
DECISION
DATED AND FILED

March 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP501**

STATE OF WISCONSIN

Cir. Ct. No.  2006CF130

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

DENNIS KEITH DUROCHER,

   DEFENDANT-APPELLANT.

        APPEAL from an order of the circuit court for Marinette County: JANE M. SEQUIN, Judge.  *Affirmed*.

        Before Stark, P.J., Hruz and Gill, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Dennis Durocher, pro se, appeals an order denying his WIS. STAT. § 974.06 (2021-22)[1] motion for postconviction relief.  Durocher argues that the circuit court erred by denying his motion without a hearing.  Specifically, Durocher contends that he is not procedurally barred from raising new claims because his postconviction counsel rendered constitutionally ineffective assistance by not asserting the newly raised claims on direct appeal.  He also argues that the court erred by denying his challenge to the court's previous order requiring him to repay his trial attorney's legal fees.  For the reasons that follow, we affirm.

## BACKGROUND

¶2      In 2007, a jury found Durocher guilty of first-degree sexual assault of a child under the age of thirteen without great bodily harm.  *See* WIS. STAT. § 948.02(1)(b) (2005-06).  Out of a maximum possible imprisonment term of sixty years, the circuit court sentenced Durocher to thirty years of initial confinement followed by twenty years of extended supervision.  *See* WIS. STAT. § 939.50(3)(b).

¶3      Durocher filed a direct appeal arguing that the circuit court erred by refusing to admit evidence at the jury trial that the child victim in his case had previously reported a sexual assault by another person (the "rape shield issue").  *See **State v. Pulizzano***, 155 Wis. 2d 633, 656-57, 456 N.W.2d 325 (1990) (outlining the test necessary "to establish a constitutional right to present otherwise excluded evidence of a child complainant's prior sexual conduct for the limited purpose of proving an alternative source for sexual knowledge").  We

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

affirmed Durocher's judgment of conviction, and our supreme court denied his petition for review. *See **State v. Durocher***, No. 2010AP1888-CR, unpublished slip op. ¶1 (WI App Sept. 1, 2011).[2]

¶4      In 2021, Durocher filed a pro se WIS. STAT. § 974.06 motion for postconviction relief raising four issues: (1) his trial counsel was ineffective for failing to inform him "about a plea offer" and of a letter his then-wife wrote to the circuit court; (2) the Honorable David G. Miron should have recused himself from the trial after he received the letter from Durocher's then-wife; (3) his postconviction counsel was ineffective for not seeking review of the two preceding issues; and (4) the court erred by forcing him to pay his trial attorney's fees.

¶5      The circuit court denied Durocher's WIS. STAT. § 974.06 motion in a written order, without holding a hearing.   The court rejected Durocher's ineffective assistance of postconviction counsel argument, finding that no postconviction motion was filed prior to his direct appeal.  The court determined that Durocher should have filed a ***Knight***[3] petition, not a § 974.06 motion.  The court then addressed the merits of the first and second issues raised by Durocher. The court found that Durocher had knowledge of the plea offer prior to his trial as demonstrated by an arraignment hearing transcript.  Further, the court held that Durocher was aware of his then-wife's letter, as demonstrated by the sentencing hearing transcript.  The court also rejected Durocher's recusal issue, stating that

---

[2] We cite to this unpublished opinion simply for background information and law of the case. *See* WIS. STAT. RULE 809.23(3).

[3] ***State v. Knight***, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

courts "routinely receive unsolicited letters in support of or against the character of a defendant. This does not lead to the [c]ourt's obligation to recuse itself from the case." The court did not address the repayment of Durocher's trial attorney's fees. Durocher now appeals.

## DISCUSSION

¶6      Whether a WIS. STAT. § 974.06 motion alleges sufficient facts to require a hearing and whether the claims made in the motion are procedurally barred are questions of law that we review de novo. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668. If the motion alleges sufficient facts, the circuit court must hold an evidentiary hearing. *Id.* "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.* (citation omitted).

¶7      A defendant cannot raise claims in a WIS. STAT. § 974.06 motion that could have been raised on direct appeal or in a previous postconviction motion unless he or she presents a "sufficient reason" for failing to raise those claims previously or for failing to do so adequately.[4] *Romero-Georgana*, 360

---

[4] Durocher contends that he was not required to demonstrate a sufficient reason for not previously raising any issues because his WIS. STAT. § 974.06 motion was his "first" such motion in that his only previous appeal was a direct appeal. Durocher fails to understand that the procedural bar outlined in § 974.06(4) applies to postconviction motions *and* direct appeals. *See State v. Romero-Georgana*, 2014 WI 83, ¶34, 360 Wis. 2d 522, 849 N.W.2d 668; *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 186, 517 N.W.2d 157 (1994).

(continued)

Wis. 2d 522, ¶34; § 974.06(4). The defendant bears the burden to show the existence of a sufficient reason. *State v. Crockett*, 2001 WI App 235, ¶10 n.3, 248 Wis. 2d 120, 635 N.W.2d 673.

¶8      Durocher does not independently allege sufficient reasons for failing to previously challenge on his direct appeal his trial counsel's effectiveness or the circuit court's alleged bias, other than to point to his postconviction counsel's alleged ineffectiveness. Although Durocher's claims are not entirely clear from his motion, we interpret his arguments on appeal to be that he failed to raise these new claims previously due to his postconviction counsel's ineffectiveness in raising only the rape shield issue on Durocher's direct appeal.

## I.  Ineffective assistance of postconviction counsel

¶9      The State concedes on appeal that the circuit court incorrectly stated that Durocher was required to file a ***Knight*** petition to challenge his postconviction counsel's effectiveness for his purported failure to challenge trial counsel's effectiveness and the Judge Miron's alleged bias. Because Durocher's motion challenged his postconviction counsel's failure to raise claims in the circuit court, we conclude that Durocher's filing of a WIS. STAT. § 974.06 motion was not in error. *See **State ex rel. Warren v. Meisner***, 2020 WI 55, ¶¶32, 36, 392 Wis. 2d

---

In addition, Durocher argues that he should not need to demonstrate a sufficient reason for not previously raising the new claims because he "cannot raise ineffective assistance of [p]ostconviction [c]ounsel until his direct/postconviction process is over." We interpret Durocher's argument here to be that his postconviction counsel's alleged ineffectiveness placed an additional burden on Durocher. However, the case law interpreting WIS. STAT. § 974.06(4) is clear—"without a sufficient reason, a movant may not bring a claim in a § 974.06 motion if it 'could have been raised in a previously filed [WIS. STAT. §] 974.02 motion and/or on direct appeal.'" *Romero-Georgana*, 360 Wis. 2d 522, ¶34 (citing *Escalona-Naranjo*, 185 Wis. 2d at 173). Thus, Durocher was required to demonstrate a sufficient reason for failing to raise his new claims previously or for failing to do so adequately.

1, 944 N.W.2d 588. However, we will nevertheless affirm a circuit court's decision denying a § 974.06 motion if the court reached the correct result for incorrect reasons. *State v. Thames*, 2005 WI App 101, ¶10, 281 Wis. 2d 772, 700 N.W.2d 285.

¶10 "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Romero-Georgana*, 360 Wis. 2d 522, ¶36. When a defendant claims that "postconviction counsel failed to bring a claim that should have been brought," he or she is alleging that "counsel's performance was constitutionally deficient, that it fell below the services required by an objective standard of reasonableness under prevailing professional norms." *Id.*, ¶43 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

¶11 To warrant an evidentiary hearing on a WIS. STAT. § 974.06 motion, a defendant "must show that 'a particular nonfrivolous issue was *clearly stronger* than issues that counsel did present.'" *Id.*, ¶45 (citations omitted). This standard requires the defendant to explain "why and how" the newly addressed claims are clearly stronger than those pursued by postconviction counsel. *See id.*, ¶¶36-37. The defendant must also allege that counsel's deficient performance resulted in prejudice—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, ¶41. A § 974.06 motion "requires more than conclusory allegations" to warrant a hearing. *State v. Allen*, 2004 WI 106, ¶15, 274 Wis. 2d 568, 682 N.W.2d 433.

¶12 We conclude that Durocher's WIS. STAT. § 974.06 motion contained only conclusory allegations as to "why and how" his newly raised claims were clearly stronger than the rape shield issue pursued on direct appeal. Although

6

Durocher discussed the new issues in his motion and explained the merits of those issues, he did not explain why they were clearly stronger than the rape shield issue, nor did he explain why the rape shield issue was so obviously a frivolous pursuit. Rather, Durocher stated in his motion:

> Trial counsel's failure to inform his client of a plea offer is clearly stronger [and] trial counsel and district attorney and Judge Miron's failure to inform defendant that his then[-]wife … wrote a letter after stealing legal mail out of my mail box is clearly stronger th[a]n an issue that you know does not meet the first part of a five[-]part test [in *Pulizzano*].

¶13    Further, Durocher characterized the rape shield issue in his WIS. STAT. § 974.06 motion as "incredibly weak" and one that a "prudent attorney would have known would fail." While Durocher asserted in his motion that the first factor in *Pulizzano*—that the prior sexual act "clearly occurred," *see Pulizzano*, 155 Wis. 2d at 656—was not met on the facts presented to the circuit court prior to his trial, he did not explain why that was the case, other than to state that the prior sexual assault "was false." Durocher also stated in a conclusory manner that his postconviction counsel "purposefully filed an issue that would be denied." Again, he offered no evidence to support such an assertion.

¶14    In all, although Durocher's postconviction counsel's failure to raise these new claims in Durocher's direct appeal could constitute ineffective assistance of counsel, he failed to compare the strength of the new claims in his WIS. STAT. § 974.06 motion to the rape shield issue pursued on direct appeal. Because Durocher failed to explain why the rape shield issue was a poor claim to pursue on appeal (specifically, why the *Pulizzano* test was clearly not met) and why his newly raised claims are clearly stronger than the rape shield issue, we conclude that he is procedurally barred from pursuing the newly raised claims in a

§ 974.06 motion. Thus, we need not determine whether Durocher's motion alleged sufficient facts to warrant a hearing on his trial counsel's ineffectiveness.

## II. Attorney fees

¶15 Lastly, Durocher argued in his WIS. STAT. § 974.06 motion that the circuit court erred by forcing him to repay his trial attorney's fees. In particular, Durocher contended the court violated *Fuller v. Oregon*, 417 U.S. 40, 54 (1974), by requiring him to repay attorney fees that he could not foreseeably pay without hardship.

¶16 After being charged in October 2006, Durocher applied for State Public Defender representation but his application was denied due to his then-wife's income. Thereafter, the circuit court held a hearing to determine whether it would appoint an attorney for Durocher at the County's expense. At the hearing, the court asked Durocher, "How much do you think you can pay each month to repay Marinette County? What would happen here is an attorney would be appointed and that attorney would be paid $70 an hour and over time we would have you repay the County." Durocher responded that he could determine how much he could repay per month to the County after he was informed of how much government assistance he would receive through the Social Security Administration. The court, in turn, stated that Durocher would have to repay $100 per month with the first payment starting in December. Durocher did not object.

¶17 Assuming without deciding that Durocher is statutorily permitted to challenge the circuit court's attorney fees decision through a WIS. STAT. § 974.06 motion, *see Romero-Georgana*, 360 Wis. 2d 522, ¶32, we conclude that he failed to state a sufficient reason for not raising this issue in his direct appeal. In Durocher's § 974.06 motion, he argued that he "was not informed that [he] would

have to repay the [C]ounty for counsel." Based on the transcript outlined above, this claim is blatantly false. The court clearly informed Durocher of his financial obligations that would begin in December. Durocher also argues that the court never held a hearing to "redetermine [his] indigency."[5] It is unclear as to what required hearing Durocher is referring, or why the court would have to "redetermine his indigency." Thus, Durocher fails to demonstrate a sufficient reason for failing to raise the attorney fees issue previously.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] Durocher also argues that he lacked a hearing or notice of a hearing to determine his indigency after trial. Even if this assertion were true, the argument has no bearing on the trial attorney fees issue because it is directed at attorney fees he could be charged for appellate representation, not trial representation.

In addition, Durocher contends that the circuit court "conceded" the attorney fees issue by not directly outlining in its order denying his postconviction motion why it denied that particular issue. We assume Durocher means to argue that the court erroneously exercised its discretion by failing to directly address this issue in its order. However, we do not need to determine whether the court erroneously exercised its discretion by denying Durocher a hearing because we review de novo whether the claims made in his WIS. STAT. § 974.06 motion are procedurally barred. *See* ***Romero-Georgana***, 360 Wis. 2d 522, ¶30.

9